IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| ENDO PHARMACEUTICALS INC. and MALLINCKRODT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACTAVIS INC., ACTAVIS SOUTH ATLANTIC LLC, ACTAVIS PHARMA, INC., ACTAVIS ELIZABETH LLC, ACTAVIS HOLDCO U.S., INC., and TEVA PHARMACEUTICALS USA, INC.<br><br>Defendants. | Civil Action No. 14-1381-RGA |

MEMORANDUM OPINION

Jack B. Blumenfeld, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Derek J. Fahnestock, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Stephen J. Kraftschik, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Jonathan D. Loeb, Esq., DECHERT LLP, Mountain View, CA; Martin J. Black, Esq., DECHERT LLP, Philadelphia, PA; Sharon K. Gagliardi, Esq., DECHERT LLP, Philadelphia, PA; Julie Latsko, Esq., DECHERT LLP, Philadelphia, PA; Joseph Gribbin, Esq., DECHERT LLP, Philadelphia, PA; Robert D. Rhoad, Esq., DECHERT LLP, Princeton, NJ; Brian M. Goldberg, Esq., DECHERT LLP, Princeton, NJ.

   Attorneys for Plaintiff Endo Pharmaceuticals Inc.

Jack B. Blumenfeld, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Derek J. Fahnestock, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Stephen J. Kraftschik, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Jeffrey J. Toney, Esq., KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, Atlanta, GA; Rodney R. Miller, Esq., KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, Atlanta, GA; Paul G. Williams, Esq., KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, Atlanta, GA; Marcus A. Barber, Esq., KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, Redwood Shores, CA.

   Attorneys for Plaintiff Mallinckrodt LLC.

Adam W. Poff, Esq., YOUNG CONWAY STARGATT & TAYLOR LLP, Wilmington, DE; Robert M. Vrana, Esq., YOUNG CONWAY STARGATT & TAYLOR LLP, Wilmington, DE; Charles A. Weiss, Esq., HOLLAND & KNIGHT LLP, New York, NY; Howard S. Suh, Esq., HOLLAND & KNIGHT LLP, New York, NY; Eric H. Yecies, Esq., HOLLAND & KNIGHT LLP, New York, NY; Nicholas P. Chiara, Esq., HOLLAND & KNIGHT LLP, New York, NY.

    Attorneys for Defendants Actavis Inc., Actavis South Atlantic LLC, Actavis Pharma, Inc., Actavis Elizabeth LLC, and Actavis Holdco U.S., Inc.

Adam W. Poff, Esq., YOUNG CONWAY STARGATT & TAYLOR LLP, Wilmington, DE; Robert M. Vrana, Esq., YOUNG CONWAY STARGATT & TAYLOR LLP, Wilmington, DE; James F. Hurst, Esq., KRIKLAND & ELLIS LLP, Chicago, IL; Jeanna M. Wacker, Esq., KIRKLAND & ELLIS LLP, New York, NY; John C. O'Quinn, Esq., KIRKLAND & ELLIS LLP, Washington, DC.

    Attorneys for Defendant Teva Pharmaceuticals USA, Inc.

February ___, 2017

ANDREWS, U.S. DISTRICT JUDGE:

Presently before the Court are Defendant Actavis' Partial Motion to Dismiss Counts I, III, IV, VI, and VII (D.I. 147) and related briefing (D.I. 148, 161, 164) and Defendant Teva's Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (D.I. 149) and related briefing (D.I. 150, 161, 165).

As an initial matter, Plaintiffs represent that the parties have agreed to file for partial final judgment with respect to the Counts involving the '737 patent (D.I. 161 at 11), which was invalidated in my previous order of November 17, 2015. (D.I. 67). Therefore, Plaintiffs argue, the motions as to Counts I, III, and IV are moot. Regardless, they need to be dismissed. I think the effect is the same.

Defendant Teva has moved under Rule 12(b)(6) to dismiss Counts II and V for failure to state a claim. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

As to Counts II and VI, Defendant Teva argues that it is not a proper defendant because "all alleged infringing activity had ceased" prior to Teva's acquisition of Defendant Actavis. (D.I. 150 at 16). Plaintiffs counter that as "owner and real party in interest . . . it is plausible that Teva is liable for the past infringements." (D.I. 161 at 35). While Teva may ultimately be financially liable for the past infringements, Plaintiffs have not pled that Teva is itself an infringer. Therefore, Defendant Teva is not a proper defendant as to counts based on acts of infringement that occurred prior to Teva's acquisition of Actavis. Counts II and VI are dismissed as to Defendant Teva.

As to Count V, Defendant Teva argues that it is not a proper defendant because "it did not prepare or file this ANDA." (D.I. 150 at 14). Plaintiffs counter that Defendant "Teva is the corporate parent of the current defendants and intends to manufacture, market, and sell the infringing drug itself." (D.I. 161 at 16; D.I. 140 at ¶¶10-13). There is no explicit requirement in § 271(e) that a party must have prepared or filed the ANDA itself in order to be a proper defendant. *See In re Rosuvastatin Calcium Patent Litig.*, 703 F.3d 511, 527–28 (Fed. Cir. 2012) (finding "inten[t] to directly benefit from the ANDA" supports liability for infringement). Plaintiffs' allegations that Defendant Teva is the owner and real party in interest of the ANDA and will benefit from the ANDA if it is approved are sufficient to plead a claim of infringement under § 271(e). Therefore, Defendant Teva's Motion to Dismiss Count V is denied.

As to Count VI, Defendant Actavis argues that the Court does not have jurisdiction because the filing of an ANDA does not confer declaratory judgment jurisdiction as to § 271(a). (D.I. 148 at 9-10). Plaintiffs counter by attempting to craft a split in district court decisions on this issue. (D.I. 161 at 17). The cases Plaintiffs cite are distinguishable from this case, however, and I do not believe Plaintiffs have established the requisite immediacy to warrant exercising declaratory judgment jurisdiction. Therefore, Defendant Actavis's Motion to Dismiss Count VI is granted.

As to Count VII, Defendant Actavis argues that Plaintiffs have failed to plead the requisite privity and identity of cause of action. (D.I. 148 at 11). Defendant Teva argues that Plaintiffs have not "invoke[d] an independent basis for seeking relief under the Act." (D.I. 150 at 21). I agree with both Defendants. Res judicata and collateral estoppel are affirmative defenses that do not, on their own, create an actual controversy appropriate for resolution under the Declaratory Judgment Act. Furthermore, nothing in Plaintiffs' Amended Complaint has

caused me to change my opinion as to the merits of Plaintiffs' claim and issue preclusion theories. (D.I. 139 at 1). Defendants Actavis and Teva were, at the time the earlier case was litigated, two separate companies, and there is no allegation that Actavis participated in or in any way controlled the earlier lawsuit. In addition, the ANDA at issue in this case is different from the ANDA at issue in the earlier litigation. Therefore, Defendants' Motions to Dismiss Count VII are granted.

Finally, Defendant Actavis has moved to dismiss Plaintiffs' amendments adding Actavis Pharma, Inc., Actavis Elizabeth LLC, and Actavis Holdco U.S., Inc. because it contends these entities are improper parties that Plaintiffs did not seek leave to add. (D.I. 148 at 15). Plaintiffs counter that these entities were referenced in their November 21, 2016 letter and, therefore, they have not violated my previous Order limiting amendments to issues raised in their letter. (D.I. 161 at 36; D.I. 139 at 2). I have searched in vain for Plaintiffs' purported references to these entities in their letter.[1] (D.I. 128). Finding none, I will grant Defendant Actavis's Motion to Dismiss the additional Actavis entities.

For the reasons set forth herein, Defendants' Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART**. The Motions to Dismiss Claims I, III, and IV are **GRANTED** as to all Defendants. Defendant Teva's Motion to Dismiss Claims II, VI, and VII is **GRANTED.** Defendant Teva's Motion to Dismiss Claim V is **DENIED**. Defendant Actavis's Motion to Dismiss Claims VI and VII are **GRANTED**. Defendant Actavis's Motion to Dismiss the Additional Actavis Entities is **GRANTED**.

An appropriate order will be entered.

---

[1] Plaintiffs also cite thirty pages of exhibits at D.I. 128-1. (*See* D.I. 161 at 36). I would think Plaintiffs' lawyers were sufficiently experienced to understand that a letter that does not mention adding additional Actavis defendants is not magically converted into a request to add additional Actavis defendants simply because the existence of other Actavis entities is mentioned in a lengthy appendix.